NOT DESIGNATED FOR PUBLICATION

No. 121,343

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER W. PARRISH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed July 31, 2020. Reversed and remanded with directions.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before BUSER, P.J., HILL and WARNER, JJ.

PER CURIAM: Christopher W. Parrish appeals the district court's revocation of his probation and imposition of his underlying prison sentence. We granted Parrish's motion for summary disposition in lieu of briefs under Rule 7.041A (2020 Kan. S. Ct. R. 47). The State did not object to summary disposition. After review of the record, however, we ordered the parties to show cause regarding what impact, if any, our Supreme Court's recent opinion in *State v. Coleman*, 311 Kan. 332, 460 P.3d 828 (2020), had on the disposition of this appeal.

In response to our order, Parrish contends that *Coleman* is a controlling appellate decision that is dispositive of this appeal. As a result, Parrish asks us to summarily

1

reverse the district court's ruling revoking his probation and imposing the underlying prison sentence. On the other hand, the State tacitly acknowledges that *Coleman* applies and, as a result, the district court erred in imposing imprisonment upon revocation of Parrish's probation. However, the State argues that given the "unique factual circumstances" of this case that additional briefing on harmless error may be in order.

Upon our review of the record and the parties' supplemental legal memoranda, we are persuaded that no additional briefing is necessary, and this appeal may be summarily decided. We reverse the district court's revocation of probation and imposition of imprisonment and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2014, law enforcement officers interviewed Parrish and, as a result, he was charged with crimes involving electronically accessing child pornography. Ultimately, a jury found him not guilty of the charges. About a month before the trial, however, the State charged Parrish with two counts of failing to comply with the Kansas Offender Registration Act in violation of K.S.A. 2014 Supp. 22-4903(a). On June 27, 2016, Parrish pled guilty as charged to those two crimes.

At sentencing on August 4, 2016, Parrish asked the district court for a dispositional departure to probation, with underlying concurrent sentences using the mitigated sentences in the appropriate grid boxes. The district court sentenced Parrish to the aggravated presumptive sentence in each applicable grid box and ordered the sentences to run consecutively for a controlling sentence of 60 months' imprisonment. Over the State's objection, the district court granted Parrish's request for a dispositional departure, finding the degree of harm was "less than typical." Accordingly, Parrish was placed on 24 months' probation.

2

While on probation, Parrish repeatedly used marijuana. He had at least one two-day and two three-day jail sanctions imposed by his intensive supervision officer (ISO) before the district court held a probation violation hearing in August 2017. At that hearing, Parrish admitted to using marijuana on two separate occasions. Based on these admissions, the district court ordered Parrish to undergo a new drug and alcohol evaluation.

In January 2018, the district court held another probation violation hearing at which time Parrish admitted to using marijuana on multiple occasions in violation of his probation. Once again, the district court ordered Parrish to obtain a drug and alcohol evaluation.

Three months later, on April 11, 2018, Parrish's ISO filed another warrant alleging that Parrish was arrested for sexual exploitation of a child, tested positive for marijuana use, failed to attend drug and alcohol treatment, and failed to notify his ISO within 24 hours of contact with law enforcement. While Parrish remained in jail on the pending charge, the probation revocation warrant remained unresolved until a revocation hearing was held on March 20, 2019. At that hearing, Parrish represented himself and admitted to violating his probation by submitting a urine sample that was positive for marijuana use. The State asked the district court to revoke Parrish's probation and impose the underlying sentence. For his part, Parrish requested a 180-day prison sanction.

The district court found that Parrish had violated his probation by submitting a urine sample that was positive for marijuana. Accordingly, the district court revoked Parrish's probation and ordered him to serve the underlying sentence. The district court noted that it could impose the sentence without first ordering an intermediate prison sanction because Parrish was on probation due to a dispositional departure.

Parrish timely appeals.

ANALYSIS

On appeal, Parrish contends the district court abused its discretion in revoking his probation and imposing the underlying prison sentence rather than ordering an intermediate sanction.

A district court must base its decision to revoke probation on a factual finding that the defendant violated a condition of probation. Once a violation has been established, the decision to revoke probation is within the district court's discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). We review the propriety of a sanction imposed by the district court for a probationer's violation of the terms and conditions of probation for abuse of discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). The district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

K.S.A. 22-3716 sets forth the procedure for revoking an offender's probation. Under the version of the statute in effect when Parrish committed his 2014 crimes, the district court was required to impose a series of graduated intermediate sanctions before revoking Parrish's probation and ordering him to serve his prison sentence. These sanctions ranged from continuation or modification of the terms of probation to brief periods of confinement in jail or longer periods of confinement in prison. The sanctions gradually increase depending on the number of sanctions previously imposed. See K.S.A. 2014 Supp. 22-3716(c)(1)(A)-(D).

In this case, Parrish had previously received a two-day jail sanction and two three-day jail sanctions. Under Kansas law, the district court was permitted to bypass intermediate prison sanctions if Parrish committed a new crime or absconded while on probation, or if the court stated particular reasons why imposing a sanction would

jeopardize public safety or Parrish's welfare. See K.S.A. 2014 Supp. 22-3716(c)(8)-(9). The district court did not find that Parrish committed a new crime or absconded while on probation. Similarly, the district court did not find that imposing a 120- or 180-day prison sanction would jeopardize public safety or Parrish's welfare. Accordingly, under the 2014 version of K.S.A. 22-3716, the district court's only option was to impose an intermediate prison sanction.

In 2017, however, the Legislature amended K.S.A. 22-3716. This amendment allowed a district court to bypass intermediate sanctions if a defendant had received probation due to a dispositional departure. See K.S.A. 2017 Supp. 22-3716(c)(9)(B). As noted earlier, Parrish had received a dispositional departure when he was originally sentenced. In revoking Parrish' probation and imposing the sentence of imprisonment, the district court applied the provisions of this amendment to the facts of the case, concluding that it was permissible to revoke Parrish' probation and impose his prison sentence without imposing additional intermediate sanctions.

Does the 2017 amendment apply in this case? The question of whether the 2017 amendment to K.S.A. 22-3716 applies to a defendant who has committed a crime prior to the effective date of the amendment was resolved by our Supreme Court in *Coleman*. In *Coleman*, the State argued that the 2017 amendment applied retroactively to Coleman, who had committed his underlying crimes several years before the effective date of the amendment. Because the 2017 amendment had no express retroactivity language, however, our Supreme Court held that the amendment applied prospectively and could not be applied to probationers, like Coleman, who committed their crimes before the amendment was effective on July 1, 2017. 311 Kan. at 337, 460 P.3d at 832.

Under the version of K.S.A. 22-3716 in effect when Parrish committed his offenses in December 2014, the fact that Parrish was granted a dispositional departure did not obviate the district court's obligation to impose intermediate sanctions before

5

imposing the underlying sentence. The district court was required to impose a 120- or 180-day prison sanction before revoking Parrish's probation and imposing the underlying prison sentence.

The district court's legal error in failing to correctly apply K.S.A. 22-3716 constitutes an abuse of discretion. See *Ballou*, 310 Kan. at 615. Accordingly, we reverse the district court's revocation of probation and imposition of the sentence of imprisonment and remand for further proceedings.

Reversed and remanded with directions.